Amy M. Samberg, NV Bar No. 10212
Email: asamberg@fgppr.com
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
400 East Van Buren Street, Suite 550
Phoenix, AZ 85004
Telephone: 602-926-9880
Facsimile: 312-863-5099

Dylan P. Todd, NV Bar No. 10456
Email: dtodd@fgppr.com
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
2200 Paseo Verde Parkway, Suite 280
Henderson, NV 89052
Telephone: 702-827-1510
Facsimile: 312-863-5099

*Attorneys for Ohio Security Insurance Company and Liberty Mutual Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADFA**

| | |
|---|---|
| ALLEGIANT INSTITUTE INC., f/k/a/ Dr. Jaswinder Grover MD LTD., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>OHIO SECURITY INSURANCE COMPANY, a foreign limited liability company; LIBERTY MUTUAL INSURANCE COMPANY, a foreign liability company,<br><br>Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA** |

**TO: THE HONORABLE JUDGES OF THE ABOVE-ENTITLED COURT**

Pursuant to 28 U.S.C §§ 1332, 1367(a), 1441(a) and 1446(a), Defendants Ohio Security Insurance Company ("Ohio") and Liberty Mutual Insurance Company ("Liberty Mutual") (collectively "Defendants"), hereby petitions the Court for removal of the action described below

from the District Court, Clark County, Nevada to this Court, and in support thereof, respectfully shows:

### GENERAL ALLEGATIONS

1. On December 12, 2019 Defendant Ohio Security filed a complaint in the District Court, Clark County Nevada, as Case No. A-18-785518-C-C naming Jaswinder Singh Grover a/ka Jaswinder S. Grover and Nevada Spine Center as Defendants ("State Court Action").

2. Jaswinder Singh Grover was served with a copy of the Summons and Complaint on December 12, 2018, through a process server.

3. Ohio Security filed an amended complaint on December 5, 2018 to name Allegiant Institute, Inc. ("Allegiant") as the proper Defendant entity, in place of previously named entities.

4. Allegiant filed a counter-claim for breach of contract and unfair claim practices on January 23, 2019. The counter-claim was served on January 23, 2019[1].

5. On February 15, 2015, the parties entered a stipulation whereby Ohio Security would dismiss its action without prejudice. Allegiant's counter-claim would not be dismissed but would proceed as the operative complaint for the lawsuit. The parties stipulated to amend the caption to properly identify Allegiant as Plaintiff and Ohio Security Insurance Company and Liberty Mutual Insurance Company as Defendants. The stipulation was approved and entered by the Clark County District Court on February 14, 2019. The new and operative caption for this lawsuit is: *Allegiant Institute Inc., f/k/a Dr. Jaswinder Grover v. Ohio Security Insurance and Liberty Mutual Insurance Company.* A copy of the executed stipulation and order is attached as ***Exhibit A***.

6. Under 28 U.S.C. § 1446(b) the 30-day time deadline for removal begins to run after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b)(3) also

---

[1] Liberty Mutual Insurance Company was also named as a defendant in the counter-claim.

- 2 -

permits removal to be filed within 30 days of an amended pleading, motion, order or other paper for which may first be ascertained that the case is one which is or has become removeable. Defendants file this instance notice of removal within the thirty (30) day deadlines prescribed by 28 U.S.C §1446.

  7. Plaintiff alleges in its Complaint in the State Court Action that:

    i. It was insured under a commercial insurance policy for Plaintiff's medical offices and radiology clinics. Counter-Claim[2] ¶ 9.

    ii. On March 2, 2016, Plaintiff renewed its policy to include several of Plaintiff's business locations. *Id.* at ¶ 10-12.

    iii. That the March 2016 insurance policy provided coverage for "Business Income-Newly Acquired Locations" in the amount of $250,000 "in any one occurrence for loss or damage." *Id.* at ¶ 15.

    iv. That on June 15, 2016 Plaintiff acquired a radiology clinic located at 8530W. Sunset Rd., Suite 110 and 12, Las Vegas, Nevada 89113 (the "Newly Acquired Radiology Clinic") *Id.* at ¶ 18.

    v. That on or about June 17, 2016 a covered loss occurred at the Newly Acquired Radiology Clinic, which caused damage to an MRI machine. *Id.* at ¶ 19.

    vi. That Defendant Ohio Security accepted Plaintiff's claim for the MRI machine loss and paid n excess of $140,000 to repair it. *Id.* at ¶ 20.

    vii. That in retaliation for the MRI machine loss claim, Defendant Ohio Security retaliated by sending a Policy Change Endorsement that raised Plaintiff's premium for the same policy period an additional $31,207.00. *Id.* at ¶ 22.

    viii. That on or about January 23, 2017 Plaintiff made a claim for loss of business income related to the MRI machine loss. *Id.* at ¶ 25.

---

[2] Pursuant to the stipulation and order attached as Ex. A, the counter-claim is now the operative complaint.

        ix.    That on or about January 27, 2017, Defendant Ohio Security "unlawfully denied" the business income loss claim in relation for making the MRI machine loss claim. *Id.* at ¶ 27.

        x.    That Plaintiff has incurred a business loss from June 23, 2016 through July 17, 2016 in the amount of approximately $170,000. *Id.* at ¶ 28.

A copy of the counter-claim along with all other state court filings evidencing the proper case status is attached as ***Exhibit B***.

    8.    Based on the allegations, Plaintiff asserts the following causes of action: (1) breach of contract; (2) tortious breach of contract; (3) breach of covenant of good faith and fair dealing; (4) unfair claims practices; (5) declaratory relief; and (6) attorney's fees/special damages.

    9.    Plaintiff's complaint expressly alleges damages owed under the Policy, including other damages. Counter-claim, at ¶ 28.

    10.    Assignment to this court is proper because the State Court Action was pending in the Eighth Judicial District Court in and for Clark County, Nevada. 28 U.S.C. § 1446(a).

## JURISDICTION

    11.    Under 28 U.S.C. §§ 1441 and 1446, defendants have a statutory right to remove a case from state court to the district and division of the United States District Court within which such state court action is pending where that case could have originally been filed in federal court. The grant of this right is authorized, in part, by Article III, Section 2 of the United States Constitution, which extends judicial power of the federal courts to controversies "between citizens of different states." 28 U.S.C. § 1332.

    12.    Removal is proper in this case because this court has original jurisdiction of this action in which there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. See 28 U.S.C. § 1444.

## AMOUNT IN CONTROVERSY

    13.    While Defendants deny that Plaintiffs are entitled to any of the relief it seeks, it is clear that Plaintiff seeks to recover an amount in excess of $75,000. Plaintiffs are seeking to recover

more than $170,000 from a loss of business income claim that they contend was improperly denied. Counter-claim, at ¶ 28. In addition, Plaintiffs have pled attorneys' fees as special damages and are seeking punitive damages. *Id.* at pg. 15-16.

## GEOGRAPHICAL DIVERSITY

14. Defendant Ohio Security is a foreign corporation, incorporated in New Hampshire with its principle place of business in Boston, Massachusetts.

15. Plaintiff Allegiant Institute Inc., is a Nevada corporation licensed under the laws of the State of Nevada.

16. The citizenship of Defendants sued under fictitious names is disregarded. 28 U.S.C. §1441(b)(1). However, Liberty Mutual Insurance Company is incorporated in Massachusetts and its principle place of business is Boston, Massachusetts.

## REMOVAL IS PROPER

17  The State Court Action is pending in the District Court of Clark County, Nevada. This court embraces Clark County. 28 U.S.C. § 108. This court is therefore the proper court to which the action should be removed. 28 U.S.C. §§ 1441(a), and 1446(a).

18. This Notice of Removal is timely filed because it was filed not later than thirty days after receipt of the counter-claim by Ohio Security, and is filed within one year of the filing of the State Court Action. 28 U.S.C. § 1446(b).

19. Written notice of this removal is being served on all other parties, and Ohio Security will timely file a Notice of Removed Action in District Court, Clark County, Nevada, in the form attached at ***Exhibit C***.

///
///
///
///
///
///

1  20.   Ohio Security reserves the right to amend or supplement this Notice of Removal.

2  Dated this 22nd day of February 2019.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC

By: _/s/ Dylan Todd_
Amy M. Samberg (NV Bar No. 10212)
400 East Van Buren Street, Suite 550
Phoenix, AZ 85004

Dylan P. Todd (NV Bar No. 10456)
2200 Paseo Verde Parkway, Suite 280
Henderson, NV 89052

*Attorneys for Defendants Ohio Security Insurance Company and Liberty Mutual Insurance Company*


<b>
</b>

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA** was served by the method indicated:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☒ **BY ELECTRONIC SERVICE:** submitted to the above-entitled Court for electronic service upon the Court's Service List for the above-referenced case.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

Jesse Sbaih & Associates, Ltd.
Jesse M. Sbiah
Ines Olevic-Seleh
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson, NV 89012

*Attorneys for Defendant/Counter-Claimant Allegiant Institute Inc., f/k/a Dr. Jaswinder Grover MD LTD*

Dated: February 22, 2019.

                                            */s/ Rita Tuttle*
                                            An Employee of Foran Glennon