# EXHIBIT B

## ANSWER AND COUNTER-CLAIM

# EXHIBIT  B

Electronically Filed
1/23/2019 12:38 PM
Steven D. Grierson
CLERK OF THE COURT

1

**AACC**

JESSE SBAIH & ASSOCIATES, LTD.

2

Jesse M. Sbaih (#7898)

Ines Olevic-Saleh (#11431)

3

The District at Green Valley Ranch

170 South Green Valley Parkway, Suite 280

4

Henderson, Nevada 89012

Tel      (702) 896-2529

5

Fax     (702) 896-0529

6

Email: jsbaih@sbaihlaw.com

*Attorneys for Defendant/Counterclaimant*

7

*Allegiant Institute Inc., f/k/a Dr. Jaswinder*

*Grover MD LTD*

8

9

## DISTRICT COURT

10

## CLARK COUNTY, NEVADA

11

OHIO SECURITY INSURANCE

COMPANY,

Case No.:   A-18-785518-C

Dept. No.:  11

12

Plaintiff,

13

v.

14

ALLEGIANT INSTITUTE INC., a Nevada

**ALLEGIANT INSTITUTE INC.'S**

15

corporation; and JOHN DOES I through X,

inclusive,

**ANSWER, COUNTERCLAIM, AND**

**DEMAND FOR JURY TRIAL**

16

Defendants.

17

ALLEGIANT INSTITUTE INC., f/k/a Dr.

**Exempt from Arbitration**

18

Jaswinder  Grover  MD  LTD,  a  Nevada

corporation;

**Seeks Equitable Relief -NAR 3(A))**

19

Counter-Claimant,

20

v.

21

OHIO       SECURITY       INSURSANCE

22

COMPANY,  a  foreign  limited  liability

company,       LIBERTY       MUTUAL

INSURANCE COMPANY; DOES I – V and

23

ROES VI – X, inclusive;

24

Counter-Defendants.

25

        COMES NOW, Defendant/Counterclaimant Allegiant Institute Inc., f/k/a Dr. Jaswinder Grover

26

MD LTD ("Defendant" or "Allegiant"), by and through its attorneys of record, Jesse Sbaih &

27

Associates, Ltd., and answers the First Amended Complaint filed by Plaintiff Ohio Security Insurance

28

Company ("Ohio Security" or "Plaintiff") as follows:

1.      Answering Paragraph 1 of the First Amended Complaint, Allegiant lacks sufficient knowledge or information to admit or deny the allegations contained herein.

2.      Answering Paragraph 2 of the First Amended Complaint, Allegiant admits the allegations contained therein.

3.      Answering Paragraph 3 of the First Amended Complaint, Allegiant lacks sufficient knowledge or information to admit or deny the allegations contained herein.

4.      Answering Paragraph 4 of the First Amended Complaint, Allegiant denies that the subject policy was only "a policy of liability insurance." The subject policy speaks for itself.

5.      Answering Paragraph 5 of the First Amended Complaint, Allegiant admits that it is the successor in interest to Dr. Jaswinder Grover MD LTD. Allegiant denies all remaining allegations contained therein.

6.      Answering Paragraph 6 of the First Amended Complaint, Allegiant denies the allegations contained therein.

7.      Answering Paragraph 7 of the First Amended Complaint, Allegiant denies the allegations contained therein.

8.      Answering Paragraph 8 of the First Amended Complaint, Allegiant denies the allegations contained therein.

9.      Answering Paragraph 9 of the First Amended Complaint, Allegiant denies the allegations contained therein.

10.     Answering Paragraph 10 of the First Amended Complaint, Allegiant denies the allegations contained therein.

11.     Answering Paragraph 11 of the First Amended Complaint, Allegiant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses in this case, Allegiant asserts the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to timely plead this matter and have delayed the investigation and litigation of this claim to the prejudice of Defendant. Accordingly, this action should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

The claims asserted by Plaintiff against Defendant are time barred by the statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of judicial estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim against the Defendant upon which relief can be granted.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are subject to dismissal for failure to join a necessary and indispensable party.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate its damages and, thus, monetary recovery, if any, should be reduced accordingly.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's each and every purported cause of action in the First Amended Complaint fails to state facts sufficient to constitute a cause of action or to state a claim on which relief can be granted against Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff is barred from bringing this claim as all consequences of this claim were avoidable.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering any special damages herein for failure to specifically allege the items of special damages claims.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's First Amended Complaint is procedurally deficient, as it exceeds the permissible scope of recovery.

///

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff, another party, or some other person or entity has intentionally or negligently destroyed critical evidence, thereby constituting spoliation of evidence, to this Defendant's prejudice.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff, or its agent, are barred from asserting any claims against Defendant because the alleged damages were the result of a superseding intervening cause.

### THIRTEENTH AFFIRMATIVE DEFENSE

The execution of the contract alleged in the Complaint was obtained from Defendant by duress.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting any cause of action whatever against Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

By Plaintiff's own actions, Plaintiff has knowingly, voluntarily, and willingly relinquished and abandoned any rights Plaintiff may have otherwise had against Defendant, and have therefore waived and abandoned those rights.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff, with full knowledge of all the facts connected with or relating to the transaction alleged in the First Amended Complaint, ratified and confirmed in all respects the acts of Defendant by accepting the benefits to Plaintiff accruing from such acts.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is constrained from invoking equitable jurisdiction and an equitable remedy because Plaintiff has not come before this Court with clean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to prior breaches of the subject contract.

### NINETEENTH AFFIRMATIVE DEFENSE

The subject contract is procedurally and substantively unconscionable.

### TWENTIETH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred by the doctrine of collateral estoppel.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The contract, which forms the basis of the Complaint, is unenforceable contract of adhesion.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The Complaint is barred by waiver.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The conduct of Plaintiff constituted active negligence, breach of contract and/or other wrongful conduct, which directly contributed to whatever damages Plaintiff seeks, and the purported causes of action alleged therein are barred by said act(s) of primary conduct.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendant performed each and every condition of the agreement between the parties. Said actions work as a complete bar to any recovery by Plaintiff herein.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for failure to fulfill conditions precedent.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by their prior breaches.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The damages allegedly suffered by Plaintiff, if any, were caused in whole or in part by the acts and/or omissions of third parties over whom Defendant had no control.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff has not incurred any damages and therefore it is not entitled to any monetary award from Defendant.

///

///

///

///

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff has acted in bad faith that has and continues to cause damages to Defendant, which damages constitute offsets to the amounts claimed in the Complaint, should the court find any of those damages to be legitimate.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff has acted with fraud, malice, oppression, and deception toward Defendant and, as a result of its own despicable conduct, is not entitled to anything from Defendant.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Any and all alleged damages suffered by Plaintiff as alleged in the Complaint, if legitimate, are the result of Plaintiff's failure to mitigate its damages and are not the responsibility of Defendant.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Any and all alleged damages suffered by Plaintiff as alleged in their Counterclaim, if legitimate, are the result of Plaintiff's fraudulent and/or negligent misrepresentation to Defendant.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant reserves his right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses would be appropriate.

WHEREFORE, Defendant prays for relief as follows:

1.      That Plaintiff takes nothing by virtue of its First Amended Complaint on file herein;

2.      A judgment of dismissal be entered in favor of Defendant;

3.      That Defendant be dismissed with costs incurred and reasonable attorney's fees; and

4.      For such other and further relief as to the Court deems just and proper in the premises.

DATED this 23rd day of January, 2019.

JESSE SBAIH & ASSOCIATES, LTD.

By      /s/ Jesse M. Sbaih
        Jesse M. Sbaih (#7898)
        Ines Olevic-Saleh (#11431)
        The District at Green Valley Ranch
        170 South Green Valley Parkway, Suite 280
        Henderson, Nevada 89012
        *Attorneys for Defendant/Counterclaimant*

## COUNTERCLAIM

COMES NOW Defendant/Counterclaimant Allegiant Institute Inc., f/k/a Dr. Jaswinder Grover MD LTD, by and through its attorneys of record, Jesse Sbaih & Associates, Ltd., and hereby complains, avers and alleges as follows:

### I.

## IDENTIFICATION OF THE PARTIES

1.    At all times relevant herein, Defendant/Counterclaimant Allegiant Institute Inc., f/k/a Dr. Jaswinder Grover MD LTD ("Allegiant" or "Counterclaimant") is a Nevada corporation doing business in the County of Clark, State of Nevada.

2.    Based on information and belief, at all times relevant herein, Counter-Defendant Ohio Security Insurance Company ("Ohio Security") was and is a corporation authorized to engage in the business of insurance, is engaged in and doing business in the State of Nevada and was specifically conducting such insurance business at all times relevant herein.

3.    Based on information and belief, at all times relevant herein, Counter-Defendant Liberty Mutual Insurance Company ("Liberty Mutual") was and is a corporation authorized to engage in the business of insurance, is engaged in and doing business in the State of Nevada and was specifically conducting such insurance business at all times relevant herein.

4.    Based on information and belief, at all relevant times, Ohio Security, Liberty Mutual, DOES I – V and  ROES VI – X, inclusive (collectively "Counter-Defendants") were the partners, joint ventures, agents, co-conspirators, servants, and employees of each of the other Counter-Defendant herein, and were acting at all relevant times within the scope, purpose and authority of said partnership, joint venture, agency, service, employment, and conspiracy, and with the knowledge, consent, permission, acquiescence, and ratification of their co-Counter-Defendants.

5.    Allegiant is informed and believes, and thereon alleges, that all Counter-Defendants are the alter egos of one another, despite their respective registration with the secretaries of state in which the Counter-Defendants are incorporated or registered in that, inter alia, all the Counter-Defendants have

common officers, members and directors, and owners.  Adherence to the separate existence of these Counter-Defendants as an entity distinct from one another would permit an abuse of corporate privilege and would sanction a fraud in common.

6.    The true names and capacities, whether individual, corporate, associate or otherwise of other Counter-Defendants hereinafter designated as Does I-V and Roe Corporations VI-X, inclusive, who are in some manner responsible for the injuries described herein, are unknown to Counterclaimant at this time who therefore sue said Counter-Defendants by such fictitious names and will seek leave of the Court to amend this Counterclaim to show their true names and capacities when ascertained.

## II.
## GENERAL FACTUAL ALLEGATIONS

7.    Counterclaimant repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs of this Complaint as fully set forth herein.

8.    Counterclaimant is a corporate entity that operates medical and radiology clinics in Clark County, Nevada.

9.    From approximately 2011 to 2017, Counter-Defendants issued a Commercial Package Policy of Insurance under Policy Number BKS (17) 56 99 37 31 (the "Insurance Policy"), which provided, among other things, Commercial Property and Commercial General Liability insurance coverage to Counterclaimant's medical offices, which included Counterclaimant's radiology clinics.

10.   On or about March 2, 2016, Counter-Defendants renewed Counterclaimant's Insurance Policy for the policy period of March 2, 2016 through March 2, 2017 and demanded a premium of $15,201.00 (the "March 2016 Insurance Policy").

11.   Counterclaimant paid the $15,201.00 to Counter-Defendants as required by the March 2016 Insurance Policy.

12.   Under the March 2016 Insurance Policy, the named insureds were as follows:

-Dr. Jaswinder Grover MD LTD DBA Nevada Spine Center;

-Smoke Ranch Surgery Center;

-Newport MRI (a clinic that provided radiology medical services);

1            -American Radiology (a clinic that provided radiology medical services); and

2            -LMR Upright LLC (a clinic that provided radiology medical services).

3          13.    The March 2016 Insurance Policy also listed the following locations as covered

4   locations that Counterclaimant operated as medical offices and/or radiology clinics:

5            -7140 Smoke Ranch Rd. Bldg J, Las Vegas, Nevada 89128;

6            -7180 Smoke Ranch Road, Las Vegas, Nevada 89128;

7            -8930 W. Sunset Rd., Las Vegas, Nevada 89148;

8            -3175 Saint Rose Pkwy Ste 121, Henderson, Nevada 89052; and

9            -6460 Medical Center St. Ste 150, Las Vegas, Nevada 89148.

10          14.    The March 2016 Insurance Policy provided coverage for "newly acquired business

11   personal property at newly acquired locations." *See* Form Number NP 94 05 01 14; *see also* CG 88

12   10 04 13.

13          15.    The March 2016 Insurance Policy provided coverage for "Business Income-Newly

14   Acquired Locations" in the amount of $250,000.00 "in any one occurrence for loss or damage." *See*

15   Form Number NP 98 49 06 15.

16          16.    The March 2016 Insurance Policy provided coverage in the amount of $500,000.00

17   "for loss or damage to business personal property." *See* Form Number NP 98 49 06 15.

18          17.    Under the March 2016 Insurance Policy, Business Personal Property consists of,

19   among other things, "***Machinery and equipment***" and "All other personal property owned by [the

20   insured] and used in [the insured's] business." *See* CP 00 10 10 12 (emphasis added).

21          18.    On June 15, 2016, Counterclaimant acquired a radiology clinic located at 8530 W.

22   Sunset Rd., Ste. 110 and 120, Las Vegas, Nevada 89113 (the "Newly Acquired Radiology Clinic").

23          19.    On or about June 17, 2016, a covered loss occurred at the Newly Acquired Radiology

24   Clinic, which caused damage to an MRI machine (the "MRI Machine Loss").

25          20.    Counter-Defendants accepted Counterclaimant's claim for the MRI Machine Loss and

26   paid in excess of $140,000.00 to repair the subject MRI machine.

27          21.    On or about December 20, 2016, Counter-Defendants (in retaliation for

28   Counterclaimant submitting the MRI Machine Loss and paying in excess of $140,000.00 to resolve

1   it), mailed Counterclaimant a Notice of Cancellation, Nonrenewal or Declination of Insurance.

2       22.   On or about January 20, 2017, Counter-Defendants (as further retaliation for

3   Counterclaimants submitting the MRI Machine Loss and paying in excess of $140,000.00 to resolve

4   it), sent Counterclaimant a Policy Change Endorsement wherein it demanded that Counterclaimant

5   pay a premium of $46,408.00 for the same policy period of March 2, 2016 through March 2, 2017,

6   which is an additional premium of $31,207.00 (the "Retaliatory Additional Premium").

7       23.   Counterclaimant refused to pay the Additional Premium as it was arbitrary,

8   capricious, unreasonable, retaliatory, and constituted, among other things, a breach of the March

9   2016 Insurance Policy and a violation of NRS 687B.350, which prohibits an insurer from changing

10  policy terms and/or increase a premium at renewal without giving an insured 30-day written notice.

11      24.   After Counter-Defendants aggressive and inappropriate collections practices (including

12  threatening to file a lawsuit and causing Counterclaimant inability to obtain coverage in the future)

13  failed to convince Counterclaimant to pay the Retaliatory Additional Premium, Counter-Defendants

14  further retaliated against Counter-Claimant by filing the above-captioned matter against

15  Counterclaimant to recover the Retaliatory Additional Premium and by continuing to pursue litigation

16  against its former insured despite numerous demands by Counterclaimant that the lawsuit be

17  dismissed.

18      25.   On or about January 23, 2017, under the terms of the March 2016 Insurance Policy,

19  Counterclaimant made a claim for loss of Business Income relating to the MRI Machine Loss (the

20  "Business Income Claim").

21      26.   In presenting the Business Income Claim, Counterclaimant advised Counter-

22  Defendants, among other things, that it was entitled to said coverage under the Business Income

23  Coverage of the March 2016 Insurance Policy, that (but for the MRI Machine Loss) it would have

24  opened for business on June 23, 2016 at the Newly Acquired Radiology Clinic, that it was unable to

25  open for business until July 17, 2016, and that it lost approximately 170 patients during that time

26  period that would have received multiple MRIs at the rate of $733.33 to $1,200.00.

27      27.   On or about January 27, 2017 (although Counter-Defendants had adjusted and paid for

28  the MRI Machine Loss), Counter-Defendants unreasonably, oppressively, and unlawfully denied

1 | Counterclaimant's Business Income Claim ostensibly in retaliation against Counterclaimant for

2 | making the MRI Machine Claim.

3 |       28.    To date, Counter-Defendants are continuing to refuse to honor their obligations under

4 | the March 2016 Insurance Policy by failing to pay Counterclaimant its loss of Business Income from

5 | June 23, 2016 through July 17, 2016 in the amount of approximately $170,000.00 and by continuing

6 | to pursue a frivolous lawsuit against Counterclaimant to recover the Retaliatory Additional

7 | Premium.

8 | **FIRST CLAIM FOR RELIEF**

9 | (Breach of Contract)

10 |       29.    Counterclaimant repeats and realleges each of the allegations contained in the

11 | preceding and subsequent paragraphs of this Counterclaim as fully set forth herein.

12 |       30.    The March 2016 Insurance Policy was in force and effect at the time of the June 17,

13 | 2016 MRI Machine Loss and provided Business Income Coverage to Counterclaimant.

14 |       31.    All of the obligations of Counterclaimant under the March 2016 Insurance were

15 | performed or excused.

16 |       32.    Counter-Defendants materially breached their obligations under the March 2016

17 | Insurance Policy by refusing to provide Counterclaimant loss of Business Income benefits for the

18 | damage caused to Counterclaimant's business as a result of the June 17, 2016 MRI Machine Loss,

19 | and by seeking to recover the Retaliatory Additional Premium from Counterclaimant.

20 |       33.    As a direct and proximate result of Counter-Defendants' breach of the March 2016

21 | Insurance Policy, Counterclaimant sustained actual, consequential, and special damages in excess of

22 | $15,000.00.

23 |       34.    As a direct and proximate result of Counter-Defendants' illegal and wrongful conduct,

24 | Counterclaimant had to retain the services of an attorney to file this action. Therefore,

25 | Counterclaimant is entitled to an award of reasonable attorney's fees and costs of suit.

26 | ///

27 | ///

28 | ///

**SECOND CLAIM FOR RELIEF**

(Tortious Breach of Contract)

35.     Counter-Claimant repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs of this Counterclaim as fully set forth herein.

36.     The March 2016 Insurance Policy between the parties was valid and enforceable.

37.     All of the obligations of Counterclaimant under the March 2016 Insurance Policy were performed or excused.

38.     Counter-Defendants breached the Insurance Contract by repudiating it and usurping its benefits for their own personal profit.

39.     Counter-Defendants material breach of the March 2016 Insurance Policy was unreasonable and was calculated to cause harm to Counterclaimant and to deprive it of the benefits created in the subject matter of the March 2016 Insurance Policy.

40.     As the direct and proximate result of Counter-Defendants' tortious breach of the March 2016 Insurance Policy, Counterclaimant has suffered actual, special and consequential damages in excess of $15,000.00.

41.     Ordinary contract damages will not adequately compensate Counterclaimant for the injuries sustained as a result of Counter-Defendants' misconduct.   Therefore, Counterclaimant is entitled to recover damages in tort.

42.     Ordinary contract damages will not hold Counter-Defendants fully accountable for their misconduct.

43.     The misconduct by Counter-Defendants, as described herein, was malicious and oppressive under NRS 42.005.   Therefore, Counterclaimant is entitled to an award of punitive damages.

44.     Counterclaimant has been compelled to engage the services of an attorney to prosecute this action and is entitled to an award of attorney's fees and costs incurred herein.

///

///

///

**THIRD CLAIM FOR RELIEF**

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

45.     Counterclaimant repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs of this Complaint as fully set forth herein.

46.     Implied in the subject policy, and every contract, is a covenant of good faith and fair dealing.

47.     At all times relevant, Counterclaimant satisfied its obligations under the March 2016 Insurance Policy, and under the covenant of good faith and fair dealing.

48.     Counter-Defendants breached the covenant of good faith and fair dealing by failing to promptly evaluate, resolve, and pay on Counterclaimant's claim as required under the subject insurance policy and by seeking to recover and suing Counterclaimant to recover the Retaliatory Additional Premium.

49.     As a direct and proximate result of Counter-Defendants' breach of the covenant of good faith and fair dealing, Counterclaimant sustained general, special, and consequential damages in an amount in excess of $15,000.00.

50.     The extreme and outrageous conduct described herein was malicious and oppressive, sufficient to justify an award of punitive damages under NRS 42.005 in an amount in excess of $15,000.00.

51     Counterclaimant has been compelled to engage the services of an attorney to prosecute this action and is entitled to an award of attorney's fees and costs incurred herein.

**FOURTH CLAIM FOR RELIEF**

(Unfair Claim Practices)

52.     Counterclaimant repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs of this Complaint as fully set forth herein.

53.     An insurer is liable to its insured for any damages sustained by the insured as a result of the commission of any act set forth in NRS 686A.310(1).

54.     Counter-Defendants, in their dealings with Counterclaimant, violated numerous provisions of NRS 686A.310 (1) including, but not limited to, the following:

a.    Misrepresenting to Counterclaimant pertinent facts or insurance policy provisions relating to the Business Income Claim to wit: that the MRI Machine Loss falls under Inland Marine Coverage, which does not provide Business Income Coverage when such loss falls under Business Personal Property Coverage within the meaning of the March 2016 Insurance Policy;

b.    Misrepresenting to Counterclaimant pertinent facts or insurance policy provisions relating to Counter-Defendants' ability to charge nearly three (3) times of the agreed-upon premium after Counter-Defendants adjusted and paid in excess of $140,000.00 to resolve the June 17, 2016 MRI Machine Loss;

c.    Failing to acknowledge and act reasonably promptly upon communications with respect to the Business Income Claim;

d.    Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims, such as the Business Income Claim, arising under insurance policies;

e.    Failing to effectuate prompt, fair and equitable settlements of the Business Income Claim after Counterclaimant showed legal entitlement to such benefits under the March 2016 Insurance Policy;

f.    Compelling Counterclaimant to institute litigation to recover amounts due under the Business Income Claim when Counter-Defendants previously paid similar claims under the Business Personal Property Coverage;

g.    Compelling Counterclaimant to defend itself in a lawsuit that Counter-Defendants brought to recover the unlawful Retaliatory Additional Premiums; and

h.    Denying Counterclaimant's Business Income Claim on the basis of an insurance policy that was altered without notice to, or knowledge or consent of, the Counterclaimant, or the representative, agent or broker of the Counterclaimant.

55.    As a direct and proximate result of the above unfair claims practices of Counter-Defendants, Counterclaimant sustained general, special, and consequential damages in an amount in excess of $15,000.00.

56.     The extreme and outrageous conduct described herein was malicious and oppressive, sufficient to justify an award of punitive damages under NRS 42.005 in an amount in excess of $15,000.00.

57.     It was necessary for Counterclaimant to retain the services of an attorney to file this action.  Therefore, Counterclaimant is entitled to an award of reasonable attorney's fees and costs of suit.

## FIFTH CAUSE OF ACTION

(Declaratory Relief)

58.     Counterclaimant repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs of this Complaint as fully set forth herein.

59.     The Court has the power to declare the rights and other legal remedies of the parties to this dispute.

60.     An actual and justifiable controversy has arisen between Counterclaimant and Counter-Defendants as to whether Counterclaimant's Business Income Claim is covered under the subject insurance policy.

61.     These issues are ripe for judicial determination.

62.     Counterclaimant is entitled to receive a court order declaring that Counter-Defendants improperly and unlawfully denied Counterclaimant's Business Income Claim under the subject insurance policy.

## SIXTH CAUSE OF ACTION

(Attorneys' Fees/Special Damages)

63.     Counterclaimant repeats and realleges each of the allegations contained in the preceding and subsequent paragraphs of this Complaint as fully set forth herein.

64.     As a result of the wrongful and illegal conduct of Counter-Defendants, as fully alleged herein, Counterclaimant sustained damages including, but not limited to, attorneys' fees and costs for the prosecution, legal advice, and representation herein.

65.     Counterclaimant was forced to retain the services of attorneys to prosecute this matter.

1    66.    Counterclaimant seeks recovery of attorneys' fees, costs, and expenses as special

2  damages.

3    **WHEREFORE,** Allegiant prays for judgment against Counter-Defendants, jointly and/or

4  severally, where applicable as follows:

5         a.   For compensatory damages in a sum according to proof at trial;

6         b.   For special damages in a sum according to proof at trial;

7         c.   For punitive damages in a sum according to proof at trial;

8         d.   For interest and pre-judgment interest at the statutory rate until the amount of judgment

9              is paid in full;

10        e.   For attorney's fees and costs of suit incurred; and

11        f.   For such other and further relief as the Court may deem appropriate.

12  DATED this 23rd day of January, 2019.

13                                    JESSE SBAIH & ASSOCIATES, LTD.

14                           By    /s/ Jesse M. Sbaih
15                                 Jesse M. Sbaih (#7898)
                                   Ines Olevic-Saleh (#11431)
16                                 The District at Green Valley Ranch
                                   170 South Green Valley Parkway, Suite 280
17                                 Henderson, Nevada 89012
18                                        *Attorneys for Defendant/Counterclaimant*

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Defendant/Counterclaimant Allegiant Institute Inc., f/k/a Dr. Jaswinder Grover MD LTD, by and through the law firm of Jesse Sbaih & Associates, Ltd., hereby demands a jury trial of all issues in the above-captioned matter.

DATED this 23rd day of January, 2019.

JESSE SBAIH & ASSOCIATES, LTD.

By  /s/ Jesse M. Sbaih
    Jesse M. Sbaih (#7898)
    Ines Olevic-Saleh (#11431)
    The District at Green Valley Ranch
    170 South Green Valley Parkway, Suite 280
    Henderson, Nevada 89012
    *Attorneys for Defendant/Counterclaimant*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to E.D.C.R 8.05(a), I certify that I am an employee of the law firm of Jesse Sbaih & Associates, Ltd., and that on this 23rd day of January, 2019, I caused the foregoing **ALLEGIANT INSTITUTE INC.'S ANSWER, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL** to be served via electronic service to the following:

Richard G. Hill, Esq.
RICHARD G. HILL, LTD.
652 Forest Street
Reno, Nevada 89509
rhill@richardhilllaw.com
*Attorneys for Plaintiff/Counter-Defendant*
*Ohio Security Insurance Company*

_/s/ Jennifer Davidson_
An employee of JESSE SBAIH & ASSOCIATES, LTD.